IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | |
| | ) | C/A No. 6:04-2549-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Director of South Carolina Department | ) | |
| of Mental Health; South Carolina | ) | |
| Department of Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated. On December 23, 2004, defendants filed a motion for summary judgment. Because the plaintiff is proceeding *pro se*, the Court issued an order on January 5, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing plaintiff that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff failed to file a response.

Since the plaintiff is proceeding *pro se*, the Court issued a second order on March 2, 2005, giving the plaintiff an additional twenty (20) days to file his response to the motion for summary judgment. Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, filed June 2, 2005. This Court is charged with making a *de novo* determination of any

portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge concluded that the plaintiff's action should be dismissed for failure to prosecute. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. The plaintiff has failed to file any objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has reviewed the Report, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is dismissed pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

(*Signature on Following Page.*)

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

June 22, 2005
Florence, South Carolina